Mabel Margaret Searles, complainant,

*v.*

Victor A. Searles, defendant.

[Decided April 19th, 1932.]

*Messrs. Levy, Fenster & McCloskey,* for the complainant.

*Mr. John C. Reed,* for the defendant.

Ingersoll, V. C.

On the 24th day of April, 1930, Mabel Margaret Searles filed her bill of complaint against her husband, Victor A. Searles, praying for suitable support and maintenance, alleging that he owned property in Atlantic City, the legal title of which was held by Sherman L. Whipple and Lathrop Withington, trustees, in trust for him; that property in Atlantic City, on South Plaza Place, consisted of a one-family house worth approximately $150,000, and property on North Massachusetts avenue was a boathouse, valued at approximately $75,000; that her husband had considerable personal property both in and outside of the State of New Jersey, the extent of which she did not know, but on information and belief, which she believed to be true, was approximately $7,00,000 or $8,000,000; that he had an income from a large trust fund, together with other incomes, which amounted to approximately $20,000 per month.

On May 9th, 1930, application for alimony *pendente lite* was made and an affidavit made by the complainant, verifying the facts set forth in the bill of complaint.

On said May 9th, 1930, an application for a writ of *ne exeat* was made, in which the complainant alleged that the defendant was then a resident of the State of Florida and was on his way to the State of New Jersey to adjust some business matters and would quickly depart from the State of New Jersey for the purpose of avoiding payment of maintenance which might become due to her; that the defendant had no property within this state out of which any decree for maintenance could "be easily satisfied," and if defendant was suffered to depart this state, her claim for support and maintenance and the support of her infant child would be defeated.

On the 3d day of August, 1930, an answer and counterclaim was filed.

Motion is now made for an order dismissing the bill for lack of substantial prosecution for a period of over one year, and for the further reason that the above styled cause has been actually abandoned by the complainant, and that the complainant has filed a bill for maintenance in the State of Florida; that an answer has been filed to the said bill and that alimony *pendente lite* has been accepted in said cause.

The motion is resisted and affidavit made by one of the counsel for the complainant that diligent search failed to reveal the residence of the defendant, and although continuous efforts were made to locate him, the defendant did not come into the State of New Jersey, thereby making service in this state impossible.

An examination of the file shows no issuance of a subpœna or any return thereupon of "not found" nor has the original *ne exeat,* which was issued almost two years ago, been returned.

*1 Cum. Supp. Comp. Stat. p. 261* provides that "in any proceeding commenced in the court of chancery in which a money decree is prayed against a defendant, and it shall be

made to appear, by affidavit, that the defendant is a non-resident and has property, real or personal, moneys, effects, rights or credits within this state, the court may, upon the filing of the bill or petition or at any time thereafter, issue its writ or writs of sequestration directed to the sheriff of any county in which the said property may be situate, or to any master of the court, commanding said sheriff or sheriffs or master to take into his or their possession said property, and hold the same subject to the orders and decrees of the court. (Laws of 1919, chapter 204, page 444, supplementing laws of 1902; *Comp. Stat. p. 410.*)"

*Section 52f* provides that "in any case in which a writ of sequestration shall issue as herein provided, the cause shall proceed against the non-resident defendant as in other cases in which the court is authorized to proceed against non-residents."

It is manifest that this suit has been suffered to lie without substantial prosecution for one year and may be considered as abandoned. Notice of motion to dismiss having been given, the bill will be dismissed.